UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUEZ CASAREZ, | No. 2:22-cv-1115 DB P |
| Petitioner, | |
| v. | ORDER AND |
| PEOPLE OF SAN JOAQUIN COUNTY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a pretrial detainee in custody at the San Joaquin County Jail, filed a petition for writ of habeas corpus and an application to proceed in forma pauperis. Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). Because petitioner is a pretrial detainee, the court construes the petition as being brought under 28 U.S.C. § 2241.[1]

**I. Petitioner's Allegations**

Petitioner seeks habeas corpus relief pertaining to his ongoing state criminal case. (ECF No. 1 at 3-4.) Petitioner alleges he has been denied a bail hearing and his bail has not been reduced from 2.5 million dollars. (Id.) Petitioner alleges his attorney has refused to enter evidence

---

[1] As a pretrial detainee, petitioner is not in custody "pursuant to the judgment of a state court" within the meaning of 28 U.S.C. § 2254, and therefore brings the habeas petition under 28 U.S.C. § 2241(c)(3). See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

1

1  in court. (Id. at 4.) In addition, petitioner alleges three jail officers beat him because he asked for
2  medical help for a serious infection in his thigh. (Id. at 5.)

3  **II.  Applicable Legal Standards**

4  Federal law opens two main avenues to relief on complaints related to imprisonment: a
5  petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749,
6  750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall
7  within the core of habeas corpus, and such claims may not be brought in a [42 U.S.C. § 1983 civil
8  rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). As a correlative
9  rule, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not
10 within the core of habeas corpus." Id. In other words, claims challenging "the fact or duration of
11 the conviction or sentence" are within the core of habeas, while claims challenging "any other
12 aspect of prison life" are properly brought as civil rights actions. Id. at 934. If success on a habeas
13 petitioner's claim would not necessarily lead to immediate or earlier release from confinement,
14 the claim does not fall within "the core of habeas corpus" and is not cognizable under 28 U.S.C. §
15 2241. Id. at 935 (citing Skinner v. Switzer, 562 U.S. 521 (2012)).

16 The court has authority to entertain a petition for a writ of habeas corpus by a person in
17 custody who is not yet convicted or sentenced. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1
18 (9th Cir. 2003); 28 U.S.C. § 2241(c)(3). In screening the habeas petition, the court applies the
19 Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District
20 Courts. See 28 U.S.C. foll. § 2254, Rule 4; see also Id., Rule 1(b) ("The district court may apply
21 any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). If it plainly
22 appears from the petition, any attached exhibits, and the record of prior proceedings that the
23 moving party is not entitled to relief, then the petition must be dismissed. Id., Rule 4; Herbst v.
24 Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

25 **III.  Discussion**

26 **A.  Younger Abstention**

27 Federal courts generally abstain from interfering with pending state criminal proceedings
28 until the conviction becomes final following the conclusion of appellate proceedings. See

Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992). If these three factors are met, then the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless extraordinary or special circumstances pose an immediate threat of irreparable injury. See Kenneally, 967 F.2d at 331; Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown").

Here, the criteria for abstention under Younger are met. First, it is apparent from the face of the petition that state criminal proceedings were ongoing when petitioner filed the 28 U.S.C. § 2241 petition. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed").

Second, the prosecution of criminal laws serves an important state interest. "The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). "[A]bstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim… as an affirmative defense to state prosecution." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012); see also Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980) (only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus before a case has concluded in the state courts).

Third, petitioner can raise his constitutional claims in state court proceedings. "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for

3

1  Younger purposes." Hansel v. Town Ct. for Town of Springfield, N.Y., 56 F.3d 391, 394 (2nd
2  Cir. 1995); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume that
3  state procedures will afford adequate opportunity for consideration of constitutional claims "in
4  the absence of unambiguous authority to the contrary").

5  Petitioner fails to demonstrate that extraordinary circumstances warrant federal
6  intervention in his pending state criminal prosecution. See Carden, 626 F.2d at 83-84. Therefore,
7  the undersigned recommends summarily dismissing the petition, without prejudice, based on the
8  Younger abstention doctrine.

### B. Use of Force by Jail Officers

10  The court could potentially construe petitioner's allegations about the use of force by three
11  jail officers as an attempt to state a civil rights cause of action under 42 U.S.C. § 1983. See
12  Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (superseded by statute on other grounds). The
13  court has discretion to convert a habeas petition into a civil rights complaint. See id. However, the
14  court should decline to do so here for several reasons.

15  First, the petition does not identify or name the correctional officers whom petitioner
16  alleges beat him. Second, the petition does not indicate petitioner seeks relief other than dismissal
17  of his criminal charges and release from jail, neither of which can be obtained through a civil
18  rights suit. See Nettles, 830 F.3d at 927. Third, there is no indication petitioner has exhausted
19  available administrative remedies through the jail administrative review process. If petitioner did
20  not do so prior to filing this action, his civil rights claim would be subject to dismissal on that
21  basis. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions
22  under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,
23  prison, or other correctional facility until such administrative remedies as are available are
24  exhausted."). Finally, construing the petition as a civil rights action would cause petitioner to
25  become automatically liable for a considerably higher filing fee even if his claim were dismissed.
26  Under the Prisoner Litigation Reform Act, a prisoner must pay the $350 filing fee for a civil
27  rights action by way of deductions from the prisoner's trust account, regardless of in forma
28  pauperis status. See 28 U.S.C. § 1915(b)(1). For all these reasons, the court should not convert the

4

petition to a civil rights suit in the absence of a clear indication from petitioner that he seeks to challenge the conditions of his confinement under 42 U.S.C. § 1983 through this action.

### IV. Conclusion, Order, and Recommendation

In accordance with the above, IT IS ORDERED:

1. The motion to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED:

1. The petition for writ of habeas corpus be dismissed without prejudice; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 30 days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 5, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
casa0016.scrn.fr